UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 29 2016 ★

BROOKLYN OFFICE

-----------------------------------------------------------x

RYAN BENNETT,

                Plaintiff,

   -against-

BROOKLYN CRIMINAL COURT,

                Defendant.

-----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
16-CV-5111 (CBA) (LB)

**AMON, United States District Judge:**

Plaintiff, Ryan Bennett, brings this pro se action pursuant to 42 U.S.C. § 1983 against the Criminal Court of the City of New York, Kings County ("Brooklyn Criminal Court"). Plaintiff alleges that he was arrested in Queens County on June 1, 2016 for reckless driving, and then wrongly detained on a pending arrest warrant in Kings County for another Ryan Bennett. According to plaintiff, it took three court appearances to resolve the error, causing plaintiff mental anguish for which he seeks damages. The plaintiff's request to proceed in forma pauperis is granted. For the reasons set forth below, the complaint is dismissed. The plaintiff is granted leave to amend his complaint within thirty (30) days of the date of this Order, as detailed below.

## BACKGROUND

The following facts are drawn from the plaintiff's complaint and are taken as true for the purposes of this Order. Plaintiff alleges that he was arrested for reckless driving in Queens County on June 1, 2016. (D.E. # 1 ("Compl.") at 4, 7.) At his arraignment in Queens County, the court initially released him on his own recognizance and ordered him to pay a fine. (Id. at 4.) However, when the prosecutor informed the court of an outstanding Kings County arrest warrant against a Ryan Bennett, plaintiff was detained at Rikers Island. (Id. at 4.) Plaintiff objected that he was not

the subject of the Kings County arrest warrant and that he has "never been arrested or committed a crime in Brooklyn."[1] (Id.)

At his first court appearance in the Brooklyn Criminal Court, plaintiff was arraigned for several vehicular-based offenses under Kings County indictment number 2016KN010324 (the "Kings County indictment"). (See id. at 9.) Plaintiff was then sent back to Rikers Island. (Id. at 4.) In his next court appearance in the Brooklyn Criminal Court, defense counsel retained by the "other" Ryan Bennett verified that plaintiff was not the individual identified in the Kings County warrant and the mistake was corrected. (Id. at 4; see also id. at 10 (Kings County Criminal Warrant Return states that "[t]his defendant is not the correct Ryan Bennett for this docket #").) Plaintiff claims that he nevertheless has not been released from Rikers "because of [his] other court cases pending," and since then, he has "been back and forth on the Rikers bus going to-and-from Rikers."[2] (Id. at 4.)

Plaintiff alleges that he has suffered severe emotional distress because of the erroneous charges, and has attempted suicide three times while the Kings County charges were pending against him. (Id. at 4–5.) His distress was enhanced by other financial and personal stressors in his life, and his knowledge of "a few people who have spent time in jail for a crime they did not commit." (Id. at 5, 7–8.) He seeks damages of $3,500 for his "suicide attempts, false charges, mental damages and depression." (Id. at 5.)

---

[1] The Court notes that a Ryan Bennett filed a false arrest and malicious prosecution claim in this Court challenging an October 23, 2004 Kings County arrest. See Bennett v. City of New York, No. 08-CV-1794 (SJ) (dismissed May 5, 2010). However, there is no indication discernible from the docket that the Ryan Bennett in that lawsuit is the same individual as the plaintiff in the instant case.

[2] Plaintiff states that he drafted the complaint while detained at Rikers Island on June 29, 2016, (Compl. at 4), and plaintiff's address of record on the docket is Rikers Island. However, it appears from the Department of Corrections website that plaintiff is no longer detained there. See http://a073-ils-web.nyc.gov/inmatelookup/ils/pages/common/find.jsf (last visited Oct. 3, 2016). It is plaintiff's obligation to keep the Court apprised of his current address. Although plaintiff notes in his complaint that he was homeless prior to his arrest, (see Compl. at 5), it is his obligation to provide a mailing address to which the Court can transmit orders and other relevant information.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court is required to dismiss a complaint filed in forma pauperis, if it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915(e)(2)(B). Leave to amend must be granted if a liberal reading of the pleading "gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citations omitted).

At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). All allegations contained in the complaint are assumed to be true, but this tenet is "inapplicable to legal conclusions." Id. Although pro se complaints must contain sufficient factual allegations to meet the plausibility standard, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the Court reviews such allegations by reading the complaint with "special solicitude" and interpreting the allegations to raise the "strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007).

3

## DISCUSSION

Plaintiff brings this action under 42 U.S.C. § 1983. This section provides, in part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for seeking redress.

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979).

In order to maintain a § 1983 action, a plaintiff must allege both that the conduct complained of was "committed by a person acting under color of state law" and "deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994).

### I. Claims Against The Brooklyn Criminal Court

Plaintiff brings this action against only one defendant—the Brooklyn Criminal Court. However, the Brooklyn Criminal Court is not a proper party to a § 1983 action because the New York State Unified Court System is an arm of the State of New York and is therefore protected by Eleventh Amendment sovereign immunity.

"Stated as simply as possible, the Eleventh Amendment means that, 'as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity,'" or unless Congress has "'abrogate[d] the states' Eleventh Amendment immunity when acting pursuant to its authority under section 5 of the Fourteenth Amendment.'" Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009) (quoting Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ., 466 F.3d 232, 236 (2d Cir. 2006)). The Second Circuit has held "the New York

State Unified Court System is unquestionably an 'arm of the State," and is therefore entitled to the Eleventh Amendment sovereign immunity. Id. (citation omitted). Since the New York State Unified Court System is entitled to sovereign immunity, this complaint against one of its courts, the Brooklyn Criminal Court, is dismissed because it seeks monetary relief from an entity that is immune from such relief.

## II.    Negligent Prosecution

Although plaintiff names the Brooklyn Criminal Court as the only defendant in his complaint, the Court liberally construes his complaint to include allegations that the judge, prosecutor, and Rikers Island officials violated his constitutional rights—first by detaining him on another person's warrant and then twice transporting him to the Brooklyn Criminal Court on an indictment against a different Ryan Bennett. It took three court appearances before the error was corrected. The Court construes his allegations as a claim for negligent prosecution. However, a negligent act of an official causing injury to life, liberty, or property does not violate the United States Constitution. Daniels v. Williams, 474 U.S. 327, 328–31 (1986) ("We conclude that the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss or injury to life, liberty, or property."); see also Salim v. Proulx, 93 F.3d 86, 92 (2d Cir. 1996) ("[A] claim that a state actor acted negligently does not state a deprivation of constitutional rights."). Accordingly, absent sufficient factual allegations that the intentional or reckless conduct of a state official caused the plaintiff's injury, a complaint is not cognizable under § 1983. See D.S. v. City of Peekskill, 581 F. App'x 65, 66 (2d Cir. 2015) ("So to survive a motion to dismiss, [plaintiff] must plausibly allege that defendants violated his constitutional rights intentionally— not just negligently.").

5

Here, plaintiff does not allege that the judge, prosecutor, or Rikers Island officials acted intentionally, and the complaint sets forth no allegations which would give rise to an inference that any individual involved acted intentionally. Plaintiff has therefore failed to state a claim under § 1983. To the extent that plaintiff has asserted a state law claim for negligent prosecution, that claim must also fail as there is no cause of action under New York law sounding in negligent prosecution. See, e.g., Coleman v. Corp. Loss Prevention Assoc., Inc., 724 N.Y.S.2d 321, 322 (App. Div. 2001) ("There is no cause of action in the State of New York sounding in negligent prosecution or investigation."); Antonious v. Muhammad, 673 N.Y.S.2d 158, 159 (App. Div. 1998) (same).

Therefore, plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted because it only alleges negligent conduct, not a constitutional violation.

### C. Malicious Prosecution Claim Not Stated

"Prosecutions must be malicious to support a cause of action, not merely negligent." Kurschus v. PaineWebber, Inc., 16 F. Supp. 2d 386, 395 (S.D.N.Y. 1998). To prevail on a malicious prosecution claim, a plaintiff must allege that: "(1) defendant initiated a prosecution against plaintiff, (2) without probable cause to believe the proceeding can succeed, (3) the proceeding was begun with malice, and (4) the matter terminated in plaintiff's favor." Rentas v. Ruffin, 816 F.3d 214, 220 (2d Cir. 2016). "The elements of false arrest and malicious prosecution under § 1983 are 'substantially the same' as the elements under New York law," so "the analysis of the state and federal claims is identical." Boyd v. City of New York, 336 F.3d 72, 75 (2d Cir. 2003) (quoting Hygh v. Jacobs, 961 F.2d 359, 366 (2d Cir. 1992)).

In the complaint in the instant action, plaintiff alleges mere negligence on the part of those involved in his temporary, erroneous prosecution—not malice. Should the plaintiff wish to pursue

a malicious prosecution claim, he should identify the party or parties who were personally involved in the alleged deprivation of his rights and state facts that support his claim of malicious prosecution against them. The plaintiff is also cautioned that any claims against the judge would be barred by the doctrine of judicial immunity. See Mireles v. Waco, 502 U.S. 9, 11–12 (1991).

## CONCLUSION

For the reasons stated above, plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted. The Court grants plaintiff leave to file an amended complaint within thirty (30) days of the date of this Order. See Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). Should plaintiff elect to file an amended complaint, he must name a proper defendant(s) to the action and plead sufficient facts to allege a violation of his constitutional rights. The plaintiff is further directed that his amended complaint must be signed, must comply with Rule 8(a) of the Federal Rules of Civil Procedure, and must "plead enough facts to state a claim to relief that is plausible on its face," Twombly, 550 U.S. at 570. The plaintiff is advised that the amended complaint will completely replace the original complaint, and it must be captioned, "Amended Complaint" and bear the same docket number as this Order.

No summons shall issue at this time and all further proceedings will be stayed for thirty (30) days. If the plaintiff fails to comply with this Order within the time allowed, the action will be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: December 28, 2016
      Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge

7